**DYKEMA GOSSETT LLP**
DOMMOND E. LONNIE, State Bar No. 142662
 *DLonnie@dykema.com*
NICHOLAS VON DER LANCKEN, State Bar No. 292678
 *NvonderLancken@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
GENERAL MOTORS LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| DYLAN McDONALD,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC; GENERAL MOTORS HOLDING LLC; GENERAL MOTORS COMPANY; AND DOES 1 - 35, INCLUSIVE,<br><br>Defendants. | Case No.<br><br>**DEFENDANT GENERAL MOTORS LLC'S NOTICE OF REMOVAL; EXHIBITS "A" THROUGH "D"**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>Complaint Filed:  April 27, 2022 |

*DYKEMA GOSSETT LLP*
*333 SOUTH GRAND AVENUE*
*SUITE 2100*
*LOS ANGELES, CA 90071*

DEFENDANT GENERAL MOTORS LLC'S NOTICE OF REMOVAL; EXHIBITS "A" THROUGH "D"

## DEFENDANT'S NOTICE OF REMOVAL

Defendant General Motors LLC ("GM LLC") through its undersigned counsel and pursuant to 28 U.S.C. §1441, hereby removes this action from the Superior Court of the State of California, County of Stanislaus, to the United States District Court for the Eastern District of California, Fresno Division.  In support of this Notice of Removal, Defendant GM LLC states as follows:

## INTRODUCTION

1.     Plaintiff Dylan McDonald ("Plaintiff") commenced this action on or about April 27, 2022 by filing his unverified Complaint ("Complaint") in the Superior Court of the State of California, for the County of Stanislaus, in Case No. CV-22-001867 (the "State Court Action").  Defendant GM LLC was served with a copy of the summons and Complaint on May 3, 2022.  A true and correct copy of all pleadings and orders from the State Court action and notice of service of process are attached hereto as Exhibit A and Exhibit B, in accordance with 28 U.S.C. § 1446(a).

2.     The Complaint seeks damages for an allegedly defective 2008 Chevrolet Trailblazer (the "subject vehicle") and seeks to recover damages under theories of strict and negligent product liability as well as general negligence.

3.     The Complaint alleges that on or about May 6, 2020, Plaintiff was operating the subject vehicle when he rear ended a 2017 Chevrolet Silverado. The Complaint further alleges that the airbags in the subject vehicle failed to deploy and that the impact "was above any reasonable airbag threshold level." Plaintiff contends he sustained "significant . . .  injuries" as a result thereof. *See* Complaint, Ex. A ¶¶ 1, 3, 17.

4.     The Complaint names Defendant GM LLC as well as Defendant General Motors Holdings LLC and Defendant General Motors Company.

/ / /

/ / /

/ / /

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA  90071

**CONSENT**

5.      Defendants General Motors Holdings LLC and General Motors Company need not consent or participate in this removal because they have not yet been served with the Complaint.[1]   *See* 28 U.S.C. § 1446(b)(2)(A).

**DIVERSITY JURISDICTION**

6.      This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a).  This action may be removed to this Court by Defendant GM LLC pursuant to the provisions of 28 U.S.C. §1441(a) because Plaintiff and Defendant GM LLC, Defendant General Motors Holdings LLC, and Defendant General Motors Company are citizens of different states pursuant to 28 U.S.C. §1332(c), and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7.      Plaintiff is a resident and citizen of the state of California. *See* Traffic Collision Report attached as Exhibit D at p.1;  *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994) (place of residence is prima facie evidence of domicile for purposes of determining citizenship); *see also Smith v. Simmons*, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (place of residence provides "prima facie" case of domicile).

8.      Defendant GM LLC is a Delaware limited liability company that has its principal place of business in the state of Michigan.  *See* Corporate Disclosure Statement, Ex. C. General Motors LLC is 100% owned by General Motors Holdings LLC. *Id.* General Motors Holdings LLC is a Delaware limited liability company with its principal place of business in Michigan. General Motors Holdings LLC is 100% owned by General Motors Company. *Id.* Defendant General Motors Company is a Delaware corporation that has its principal place of business in the state of Michigan. *Id.*

---

[1] A motion to dismiss based on a lack of Personal Jurisdiction would be filed if either of these entities were served in this action.

DEFENDANT GENERAL MOTORS LLC'S NOTICE OF REMOVAL; EXHIBITS "A" THROUGH "D"

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA  90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

9.      For purposes of diversity, a limited liability company (LLC) is a citizen of every state in which its "owners/members" are citizens. *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006) (explaining that courts are to treat LLCs like partnerships, which have the citizenships of all of their members). A corporation is a citizen of any state in which it is incorporated and any state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

10.     Thus, Defendant GM LLC, Defendant General Motors Holdings LLC, and Defendant General Motors Company are citizens of Michigan and Delaware.

11.     Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded when determining removal jurisdiction. Accordingly, the citizenship of Does 1 through 35 should not be considered when determining whether jurisdiction based on diversity of citizenship exists in this case.

## AMOUNT IN CONTROVERSY

12.     The amount in controversy exceeds $75,000, exclusive of interest and costs.[2] Plaintiff seeks general and special damages based on his claim that he suffered significant physical injuries including a traumatic brain injury that resulted in past wage loss, future wage loss, hospital and other medical expenses. *See* Complaint, Ex. A, Attachment 10, ¶ 17. The Complaint does not demand a specific amount. Cal. Code Civ. Proc. § 425.10(b) ("where an action is brought to recover actual or punitive damages for personal injury or wrongful death, the amount demanded shall not be stated").

13.     When a complaint does not demand a specific amount, the court must determine whether it is "facially apparent from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto. Ins*., 116 F.3d 373, 377

---

[2] GM LLC does not concede that Plaintiff is in fact entitled to recover any damages. *See Kelderman v. Remington Arms*, 734 F. Supp. 1527, 1528 (S.D. Iowa 1990) (rejecting plaintiff's attempt to "place [a] defendant in the awkward position of embracing a concession on the important issue of damages" to establish jurisdiction).

DEFENDANT GENERAL MOTORS LLC'S NOTICE OF REMOVAL; EXHIBITS "A" THROUGH "D"

(9th Cir. 1997); *see also Titans Trading v. JTS Express*, 2009 WL 537515, at *5 (C.D. Cal.).

14.     In accordance with 28 U.S.C. § 1446(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and evidence of such amount is only required if the plaintiff or the court contests the defendant's allegations. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

15.     In addition to general and special damages, Plaintiff seeks punitive damages (*see* Complaint, Ex. A, Attachment 10, ¶ 17), which is a factor that must be considered when evaluating the amount in controversy. *Gibson v. Chrysle*r, 261 F.3d 927, 945 (9th Cir. 2001); *Romo v. FFG Ins*., 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005). Including punitive damages in the amount in controversy here leaves no doubt that the jurisdictional requirement is met.

16.     Given the allegations of the Complaint and Plaintiff's claimed injuries and damages, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS OF REMOVAL

17.     On May 3, 2022, Defendant GM LLC was served.  This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) because it is filed within thirty (30) days of receiving notice of the action. Notice of Service of Process, Ex. B.

## REMOVAL REQUIREMENTS

18.     Removal to this Court is proper pursuant to 28 U.S.C. §1441(a) because the Eastern District of California is the federal judicial district embracing the Superior Court of California, County of Stanislaus where the State Court Action was originally filed. The Fresno Division of the Eastern District of California is proper because it embraces the County of Stanislaus, where the State Court Action was originally filed.

19.     Written notice of this Notice of Removal and a copy hereof have and/or will be promptly send to the Superior Court of the State of California, for the County

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA  90071

DEFENDANT GENERAL MOTORS LLC'S NOTICE OF REMOVAL; EXHIBITS "A" THROUGH "D"

of Stanislaus as required by 28 U.S.C. §1446(d), and copies of the same will be served upon Plaintiff.

20.    A copy of all process, pleadings and orders in the State Court Action are attached to this Notice of Removal as Exhibits A through B, as required by 28 U.S.C. § 1446(a).  To the extent there are documents in the state court file that are not included, Defendant will promptly provide the Court with those documents as soon as they are received.

21.    Accordingly, this Court has jurisdiction based upon diversity of citizenship, and an amount in controversy in this action exceeding $75,000 exclusive of interest and costs, pursuant to 28 U.S.C. §1332(a)(1).

WHEREFORE, Defendant GM LLC, by its counsel, removes the subject action from the Superior Court of the State of California, for the County of Stanislaus, to the United States District Court for the Eastern District of California, Fresno Division.


DATED:  May 31, 2022              DYKEMA GOSSETT LLP



                                 By:      /S/
                                       NICHOLAS O. VON DER LANCKEN
                                       Attorneys for Defendant
                                       GENERAL MOTORS LLC

106069.001528  4865-7876-3039.8

DEFENDANT GENERAL MOTORS LLC'S NOTICE OF REMOVAL; EXHIBITS "A" THROUGH "D"

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA  90071

**EXHIBIT A**

# EXHIBIT A

**EXHIBIT A**

# CV-22-001867



## MCDONALD, DYLAN vs GENERAL MOTORS LLC

### Case Information

**Case Type:** Product Liability: Unlimited
**Case Number:** CV-22-001867
**Filing Date:** 4/27/2022
**Case Status:** Open
**Court Location:** Unlimited

# PARTIES

Show
All ⌄
entries

Search:

| ▲ Type | First Name | Middle Name | Last Name |
|--------|-----------|-------------|-----------|
| Defendant | | | GENERAL MOTORS LLC |
| Defendant | | | GENERAL MOTORS HOI |
| Defendant | | | GENERAL MOTORS COI |
| Plaintiff | DYLAN | | MCDONALD |

Showing 1 to 4 of 4 entries

Previous | 1 | Next

## Attorneys

Show
All ⌄
entries

Search:

| ▲ Representing | First Name | Middle Name |
|----------------|-----------|-------------|

| Representing | First Name | Middle Name |
|---|---|---|
| GENERAL MOTORS LLC | DOMMOND | E |
| DYLAN MCDONALD | DAVID | M |

Showing 1 to 2 of 2 entries

| Previous | 1 | Next |
|---|---|---|

◄ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ►

# EVENTS

Show   All ▾   entries

Search:

| ▾ File Date | File Type | Filed By |
|---|---|---|
| 5/26/2022 | Answer | GENERAL MOTORS |
| 5/23/2022 | Proof of Service of Summons | GENERAL MOTORS |
| 4/27/2022 | Summons Issued / Filed | |
| 4/27/2022 | Complaint | |
| 4/27/2022 | Civil Case Cover Sheet - Plaintiff(s) | |
| 4/27/2022 | Notice of Case Management Conference | |
| 4/27/2022 | Demand for Jury Trial | |
| 4/27/2022 | Advance Jury Fee (Non-Refundable) | DYLAN MCDONALD |

Showing 1 to 8 of 8 entries

| Previous | 1 | Next |
|---|---|---|

◄ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ►

# HEARINGS

Show   All ▾   entries

Search:

| Department | Type | ▼ Date |
|------------|------|--------|
| Dept. 23 | Case Management Conference | 8/29/2022 |

Showing 1 to 1 of 1 entries

Previous | 1 | Next



**null / ALL**
**Transmittal Number: 24866000**
**Date Processed: 05/04/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Rosemarie Williams<br>General Motors LLC<br>Mail Code 482-C23-SOP 300 Renaissance CTR<br>300 Renaissance Center<br>Detroit, MI 48265-0001 |

| | |
|---|---|
| **Entity:** | General Motors LLC<br>Entity ID Number  3113523 |
| **Entity Served:** | General Motors LLC |
| **Title of Action:** | McDonald, Dylan vs. General Motors LLC; General Motors Holdings LLC; General Motors Company |
| **Matter Name/ID:** | McDonald, Dylan vs. General Motors LLC; General Motors Holdings LLC; General Motors Company (12254285) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Stanislaus County Superior Court, CA |
| **Case/Reference No:** | CV-22-001867 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/03/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Birka-White Law Offices (Danville, CA)<br>925-362-9999 |
| **Client Requested Information:** | Year: 2008<br>Make: Chevrolet<br>Model: Trailblazer<br>VIN: |

| | |
|---|---|
| **Notes:** | Birka-White Law Offices 178 E. Prospect Avenue Danville, CA 94526<br><br>CSC Location document was served: Corporation Service Company which will do business in California as Csc-Lawyers Incorporating Service 2710 Gateway Oaks Drive Suite 150N Sacramento, CA 95833 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>General Motors LLC; General Motors Holdings LLC; General Motors Company; and DOES 1 to 35, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>Dylan McDonald | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>Electronically Filed<br>4/27/2022 10:46 AM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Donna Benz, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Stanislaus County Superior Court, City Towers Courthouse<br>801 10th Street, 4th floor, Modesto, CA 95354 | CASE NUMBER:<br>*(Número del Caso):*<br><br>CV-22-001867 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David M. Birka-White, Birka-White Law Offices, 178 E. Prospect Ave., Danville, CA  94526 (925) 362-9999

| | | | |
|---|---|---|---|
| DATE:  4/27/2022 10:46 AM<br>*(Fecha)* | Clerk, by<br>*(Secretario)*  *Donna Benz* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* General Motors LLC

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☑ other *(specify):* LLC-17701.16
4. ☑ by personal delivery on *(date):* 5-3-2022

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>—David M. Birka-White (State Bar No. 85721)<br>BIRKA-WHITE LAW OFFICES<br>178 E. Prospect Avenue<br>Danville, CA 94526<br>TELEPHONE NO.: (925) 362-9999       FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff Dylan McDonald | FOR COURT USE ONLY<br><br>Electronically Filed<br>4/27/2022 10:46 AM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Donna Benz, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  STANISLAUS
STREET ADDRESS: 801 10th Street, 4th floor
MAILING ADDRESS:
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME: City Towers Courthouse

CASE NAME:
Dylan McDonald v. General Motors LLC, et.al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CV-22-001867 |
|---|---|---|---|---|
| ✔ **Unlimited** (Amount demanded exceeds $25,000) | ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ **Counter**   ☐ **Joinder**<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ✔ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ✔ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties        d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel        e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence        f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.✔ monetary   b.☐ nonmonetary; declaratory or injunctive relief   c.☐ punitive
4. Number of causes of action *(specify):*  Two (2)
5. This case ☐ is  ✔ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 26, 2022

David M. Birka-White
_____          _____
(TYPE OR PRINT NAME)                                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

Exhibit A, Page 13

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**PLD-PI-001**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>⌐ David M. Birka-White (State Bar No. 85121) ⌐ S<br>BIRKA-WHITE LAW OFFICES<br>178 E. Prospect Avenue<br>Danville CA 94526<br>TELEPHONE NO: (925) 362-9999    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* dbw@birka-white.com<br>ATTORNEY FOR *(Name):* Plaintiff Dylan McDonald | FOR COURT USE ONLY<br><br>Electronically Filed<br>4/27/2022 10:46 AM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Donna Benz, Deputy<br><br>$435 PAID |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  STANISLAUS<br>STREET ADDRESS: 801 10th Street, 4th floor<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Modesto, CA 95354<br>BRANCH NAME: City Towers Courthouse | |
| PLAINTIFF: Dylan McDonald<br><br>DEFENDANT: General Motors LLC; General Motors Holdings LLC;<br>General Motors Company; and<br>☑ DOES 1 TO 35_____ inclusive | |
| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>☐ AMENDED *(Number):*<br>Type *(check all that apply):*<br>☐ MOTOR VEHICLE    ☑ OTHER *(specify):* Product Liability, et. al.<br>☐ Property Damage    ☐ Wrongful Death<br>☑ Personal Injury    ☐ Other Damages *(specify):* | |
| Jurisdiction *(check all that apply):*<br>☐ ACTION IS A LIMITED CIVIL CASE<br>Amount demanded ☐ does not exceed $10,000<br>☐ exceeds $10,000, but does not exceed $25,000<br>☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint<br>☐ from limited to unlimited<br>☐ from unlimited to limited | CASE NUMBER:<br>CV-22-001867 |

1. **Plaintiff** *(name or names):* Plaintiff Dylan McDonald
   alleges causes of action against **defendant** *(name or names):*
   General Motors LLC; General Motors Holdings LLC; General Motors Company; DOES 1-35 inclusive
2. This pleading, including attachments and exhibits, consists of the following number of pages:    11
3. Each plaintiff named above is a competent adult

   Freeland, John D

   a. ☐   **except** plaintiff *(name):*
      (1) ☐   a corporation qualified to do business in California          This case has been assigned to Judge _____
      (2) ☑   an unincorporated entity *(describe):*     Dept. 23          Department ____ for all purposes including Trial19
      (3) ☐   a public entity *(describe):*
      (4) ☐   a minor   ☐ an adult
             (a) ☐   for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
             (b) ☐   other *(specify):*
      (5) ☐   other *(specify):*

   b. ☐   **except** plaintiff *(name):*
      (1) ☐   a corporation qualified to do business in California
      (2) ☐   an unincorporated entity *(describe):*
      (3) ☐   a public entity *(describe):*
      (4) ☑   a minor   ☐ an adult
             (a) ☑   for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
             (b) ☐   other *(specify):*
      (5) ☐   other *(specify):*

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] | **COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death** | Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov |

PLD-PI-001

| SHORT TITLE: Dylan McDonald v. General Motors LLC, et. al. | CASE NUMBER: |
| --- | --- |

4. ☐ Plaintiff *(name):*
    is doing business under the fictitious name *(specify):*

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

  a. ☑ except defendant *(name):* General Motors LLC
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☑ other *(specify):*
      a Delaware Limited Liability Company

  c. ☑ except defendant *(name):* General Motors Holding
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☑ other *(specify):*
      a Delaware Limited Liability Company

  b. ☑ except defendant *(name):* General Motors Co.
    (1) ☐ a business organization, form unknown
    (2) ☑ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  d. ☐ except defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
  a. ☑ Doe defendants *(specify Doe numbers):* 1-5 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
  b. ☑ Doe defendants *(specify Doe numbers):* 6-10 are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☑ other *(specify):*
    GM conducts substantial business, including through numerous dealerships, marketed, advertised, sold, and leased its vehicles in California, which necessarily involved the sales and maintenance

9. ☐ Plaintiff is required to comply with a claims statute, **and**
  a. ☐ has complied with applicable claims statutes, **or**
  b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Exhibit A, Page 16

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Dylan McDonald v. General Motors LLC, et. al. | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☐ Intentional Tort
   d. ☑ Products Liability
   e. ☐ Premises Liability
   f. ☑ Other *(specify):*
      See Attachment 10

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☐ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☑ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☐ according to proof
      (2) ☑ in the amount of: $ over $25,000.

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: April 26, 2022

David M. Birka-White
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]      **COMPLAINT—Personal Injury, Property**      Page 3 of 3
**Damage, Wrongful Death**

Exhibit A, Page 17

PLD-PI-001(5)

| SHORT TITLE:<br>Dylan McDonald v. General Motors LLC, et. al. | CASE NUMBER: |
|---|---|

FIRST ___ **CAUSE OF ACTION—Products Liability**   Page ___4___
_____(number)_____

ATTACHMENT TO [✓] Complaint   [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Dylan McDonald

Prod. L-1. On or about *(date):* May 6, 2020   plaintiff was injured by the following product:

See Second Cause of Action which is incorporated herein by reference.

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects. The product was defective when it left the control of each defendant. The product at the time of injury was being
  [✓] used in the manner intended by the defendants.
  [ ] used in the manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
  [ ] purchaser of the product.     [✓] user of the product.
  [ ] bystander to the use of the product.  [ ] other *(specify):*

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod. L- 4. [✓] **Count One—Strict liability** of the following defendants who
  a. [✓] manufactured or assembled the product *(names):*
   Defendants

    [✓] Does _11_ to _15_

  b. [✓] designed and manufactured component parts supplied to the manufacturer *(names):*
   Defendants

    [✓] Does _16_ to _20_

  c. [✓] sold the product to the public *(names):*
   Defendants

    [✓] Does _21_ to _25_

Prod. L-5. [✓] **Count Two—Negligence** of the following defendants who owed a duty to plaintiff *(names):*
  Defendants
   [✓] Does _26_ to _30_

Prod. L-6. [ ] **Count Three—Breach of warranty** by the following defendants *(names):*

   [ ] Does ___ to ___
  a. [ ] who breached an implied warranty
  b. [ ] who breached an express warranty which was
   [ ] written   [ ] oral

Prod. L-7. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
  [ ] listed in Attachment-Prod. L-7 [ ] .as follows:

Page 1 of 1

Exhibit A, Page 18

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Dylan McDonald v. General Motors LLC, et. al. | |

_____SECOND_____    **CAUSE OF ACTION—General Negligence**    Page ___5___
(number)

ATTACHMENT TO   [✔] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*   Dylan McDonald

     alleges that defendant *(name):*   General Motors LLC, a Delaware Limited Liability Company

         [✔] Does   31_____   to   35_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date):*   May 6, 2020
at *(place):*   an unincorporated part of Modesto, California.

*(description of reasons for liability):*
  See Attachment 10

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

Exhibit A, Page 19

RE:  ***Dylan McDonald vs. General Motors LLC, etc. et.al.***, **Stanislaus County Superior Court, Modesto Branch, City Towers Courthouse**

## ATTACHMENT 10
## TO COMPLAINT

1.      On May 6, 2020, Plaintiff Dylan McDonald ("Plaintiff" or "McDonald") was operating a 2008 Chevrolet "2008 Trailblazer ("Trailblazer").  Plaintiff did not stop on time and rear ended a 2017 Chevrolet Silverado ("Silverado").  The collision occurred at the intersection of State Route 219 and Carver Road in an unincorporated area of Stanislaus County.

2.      At the time of the May 6, 2020 collision, the Trailblazer in which Mr. McDonald was owned by Lawrence Cox, Mr. McDonald's grandfather.  Mr. Cox purchased the Trailblazer in 2014.

3.      At the moment of the collision, Mr. McDonald was driving at approximately 47 miles per hour ("mph").  The airbags in Mr. McDonald's Trailblazer failed to deploy.  The 47 mph frontal impact in the collision with the Silverado was above any reasonable airbag threshold level.

4.      Attached hereto and marked **Exhibit A**, is a photograph of the Trailblazer taken after the collision.  Attached hereto and marked **Exhibit B**, is a photograph of the windshield of the Trailblazer which was broken by the force of Plaintiff's head impacting the window.

5.      An appropriately designed frontal impact airbag system in the 2008 year model, would have deployed.  The frontal impact airbags are intended to provide critical protection for the driver regardless of the fault of the driver.

1

6.      Plaintiff did not receive the any protection from any frontal impact airbag and sustained serious injuries as a direct and proximate result of the negligently designed airbag system.  His injuries were foreseeable.

7.      The 2008 Trailblazer has a crash sensing system that includes dual front Electronic Front Sensors ("EFS") located on the left and right lower cross members, coupled to the Sensing and Diagnostic Module ("SDM"), which is the primary computer and controller for the entire vehicle safety system.  The SDM is connected to the frontal impact airbags.  In a collision, the EFS sensors serve to provide crash severity information to the SDM in a timely manner, and this information is designed to trigger the driver frontal airbag to deploy.  Mr. McDonald's Trailblazer's CDR Crash Data Retrieval report, downloaded by ESIS, GM's representative, indicates that the crash sensing system was fully operational at the time of the collision, and there was no component failure that prevented the deployment of the airbags.

8.      The 2008 Trailblazer's crash sensing system employs an algorithm that designates "shut off" times, to reduce the risk of potential late airbag deployments.  GM employs a hard 45 millisecond shut off time.  The 45 millisecond shutoff unnecessarily creates the serious risk of non-deployment of airbags during frontal collisions.

9.      The crash sensing system is particularly vulnerable to failure in a full frontal "underride" type impact, as was the character of Plaintiff's collision.  Had the "shut off" not been negligently set at 45 milliseconds, the airbags would have deployed and substantially prevented Plaintiff's injuries.

10.     At the time of the May 6, 2020 collision, Plaintiff was unaware of the 45 millisecond defect and had no way of knowing beforehand of the existence of the defect.  Prior to Plaintiff's May 6, 2020 collision, Defendants had long been on notice of the defect by virtue

2

of numerous other accidents with GM manufactured trucks in which the airbag systems failed to deploy due to the arbitrary 45 millisecond shut off time.

11.     Delco Electronics, the crash sensing system designer and supplier for the Trailblazer, designed SDM/EFS advanced crash sensing algorithms that virtually eliminated the risk of late deployment of airbags, while still insuring robust and timely deployments when necessary.

12.     By 2008, not only had the airbag and inflator technology improved drastically to minimize potential harm to occupants, but the fully electronic crash sensing system also independently reduced that risk.

13.     However, management at GM requested that Delco Electronics use an aggressive 45 millisecond shut off time because of its obsolete and ill-considered belief that it would further reduce the risk of any potential late deployments.

14.     Delco Electronics objected because it deemed that a 45 millisecond shut off time arbitrarily placed in the calibrations would create a serious risk of non-deployment in moderate to severe frontal collisions where airbags are essential for protecting the safety of vehicle occupants.

15.     In Mr. McDonald's collision, airbags should have deployed, as the 47 mph frontal impact in the collision with the Silverado was above any reasonable airbag threshold level.  Mr. McDonald's airbags failed to deploy due to GM's defective 45 millisecond shut off algorithm.

16.     Alternative designs for the crash sensing system were technologically and economically available, and in fact were used by GM automobiles in the 2008 models, also designed by Delco Electronics and would have provided critical protection for Mr. McDonald. The failure to incorporate a more robust and effective crash sensing system resulted in a

3

condition that was unsafe, unreasonably dangerous in the subject collision due to the defective design, all of which were foreseeable and avoidable.

17.     Mr. McDonald suffered significant physical injuries, including a traumatic brain injury, substantial pain and suffering, loss of quality of life, and has incurred significant medical expenses and other monetary damages, including wage loss and loss of earning capacity, in an amount and type to be proven at trial.

4

# EXHIBIT A



# EXHIBIT A

# EXHIBIT B



# EXHIBIT B

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER) | FOR COURT USE ONLY |
|---|---|
| **COURT GENERATED** <br><br> Attorney for: | FILED <br> APR 2 7 2022 <br><br> CLERK OF THE SUPERIOR COURT <br> COUNTY OF STANISLAUS <br> BY_____ <br> DONNA BENZ       DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**
Street Address:   City Towers Bldg., 801 10th St, 4th Floor, Modesto, CA 95354
Civil Clerk's Office:   801 10th Street, 4th Floor, Modesto, CA 95354

Plaintiff/Petitioner: DYLAN MCDONALD
Defendant/Respondent: GENERAL MOTORS LLC

| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER: <br> **CV-22-001867** |
|---|---|

1.   NOTICE is given that a **Case Management Conference** has been scheduled as follows:

Date:   08/29/2022   Time: 9:00  AM

This case is assigned to Judge   JOHN D. FREELAND   , Dept 23   , for all purposes, including trial.

*Departments 21 & 22 are located at 801 10th Street, 6th Floor, Modesto, CA 95354
*Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA 95354
**All filings shall be filed in the Clerk's Office at the City Towers, 4th Floor address.**
.................................................................................................................
**You have 30 calendar days to file a written response with this court after the legal papers and the summons were served on you. You must also serve a copy of your written response on the plaintiff.**

2.   You must file and serve a completed *Case Management Conference Statement* at least **fifteen (15) calendar days** before the case management conference.

3.   You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4.   At the case management conference the Court may make pretrial orders, including the following:
   a.   An order establishing a discovery schedule.
   b.   An order referring the case to arbitration.
   c.   An order dismissing fictitious defendants.
   d.   An order scheduling exchange of expert witness information.
   e.   An order setting subsequent conferences and the trial date.
   f.   Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date:  04/27/2022                    by         DONNA BENZ                    Deputy Clerk
Mandatory Form

| | **--SANCTIONS--** | |
|---|---|---|
| CV003 | If you do not file the *Case Management Statement* required by local rule, or attend the case management conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money). | 11/10 |

**Rule 3.110 of the California Rules of Court.**
**Time for Service of Complaint, Cross-Complaint, and Response**

(a) [Application] This rule applies to the service of pleadings in civil cases except for collection cases under Rule 3.740 (a), Unlawful detainer actions, proceedings, under the Family Code, and other proceedings for which different service requirements are prescribed by law.

(b) [Service of complaint] The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint. When the complaint is amended to add a defendant, the added defendant must be served and proof of service must be filed within 30 days after the filing of the amended complaint.

(c) [Service of cross-complaint] A cross-complaint against a party who has appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. If the cross-complaint adds new parties, the cross-complaint must be served on all parties and proofs of service on the new parties must be filed within 30 days of the filing of the cross-complaint.

(d) [Timing of responsive pleadings] The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint.

(e) [Modification of timing: application for order extending time] The court, on its own motion or on the application of a party, may extend or otherwise modify the times provided in (b) - (d). An application for a court order extending the time to serve a pleading must be filed before the time for service has elapsed. The application must be accompanied by a declaration showing why service has not been completed, documenting the efforts that have been made to complete service, and specifying the date by which service is proposed to be completed.

(f) [Failure to serve] If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an Order to Show Cause why sanctions shall not be imposed.

(g) [Request for entry of default] If a responsive pleading is not served within the time limits specified in this rule and no extension of time has been granted, the plaintiff must file a request for entry of default within 10 days after the time for service has elapsed. The court may issue an Order to Show Cause why sanctions should not be imposed if the plaintiff fails to timely file the request for the entry of default.

(h) [Default judgment] When a default is entered, the party who requested the entry of default must obtain a default judgment against the defaulting party within 45 days after the default was entered, unless the court has granted an extension of time. The court may issue an Order to Show Cause why sanctions should not be imposed if that party fails to obtain entry of judgment against a defaulting party or to request an extension of time to apply for a default judgment within that time.

(i) [Order to Show Cause] Responsive papers to an Order to Show Cause issued under this rule must be filed and served at least 5 calendar days before the hearing.

1  David M. Birka-White (State Bar No. 85721)
   dbw@birka-white.com
2  BIRKA-WHITE LAW OFFICES
3  178 E. Prospect Avenue
   Danville, CA 94526
4  Telephone: (925) 362-9999

5  Attorneys for Plaintiff DYLAN McDONALD

Electronically Filed
4/27/2022 3:07 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Maleia Juan, Deputy

$150 JURY FEES PAID

8
9            **SUPERIOR COURT OF CALIFORNIA**

10              **COUNTY OF STANISLAUS**

11
12 DYLAN McDONALD,                    Case No.    CV-22-001867

13            Plaintiff,              **PLAINTIFF'S NOTICE OF JURY FEE**
                                      **DEPOSIT AND DEMAND FOR JURY**
14    vs.                            **TRIAL**

15
16 GENERAL MOTORS LLC; GENERAL
   MOTORS HOLDINGS LLC; GENERAL
17 MOTORS COMPANY; and DOES 1 to 35,
   inclusive,
18
            Defendants.
19
20     TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:

21     PLAINTIFF DYLAN McDONALD hereby demands a trial by jury and gives notice of his

22 jury fee deposit.

23 DATED:  April 26, 2022            BIRKA-WHITE LAW OFFICES
24
25                                   By:
26                                        DAVID M. BIRKA-WHITE
27                                   Attorneys for Plaintiff Dylan McDonald
28



*SUPERIOR COURT OF CALIFORNIA*
**COUNTY OF STANISLAUS**
801 10th Street 4th Floor
Modesto, CA 95354
ADR clerk: (209) 530-3100
www.stanct.org

## Alternative Dispute Resolution Information Packet

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Stanislaus, strongly encourages parties in general civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Trained impartial persons, called "neutrals", resolve disputes or help parties resolve disputes themselves. The types of ADR options available are:

- Arbitration
- Mediation
- Neutral Evaluation

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, Stanislaus County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

- ➢ **ADR can save time (FASTER).** Even in complex cases, a dispute can often be resolved in a matter of months, even weeks through ADR, while a lawsuit can take years.
- ➢ **ADR can save money (CHEAPER).** By resolving cases earlier, ADR can save parties money that might otherwise be spent on litigation costs (court, attorney and expert witness fees).
- ➢ **ADR encourages participation.** Parties have the opportunity to work together, rather than against each other by expressing their own interest and concerns to resolve the dispute.
- ➢ **ADR provides control and flexibility.** Parties can choose the ADR method most appropriate for their situation that will best serve their needs.
- ➢ **ADR can provide greater satisfaction and improved outcomes.** Surveys indicate that people who have used ADR are more satisfied than people who went through traditional litigation. The ADR atmosphere encourages cooperation and communication rather than the adversarial atmosphere found in litigation.

**ADR may not be suitable for every dispute and may not be to your advantage.**

- ➢ The neutral will charge a fee for their services if the dispute is not resolved within the allotted time.
- ➢ Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in the ADR process.
- ➢ If a dispute is not resolved through ADR, the parties may still have to put time and money into a lawsuit.

**What are my ADR Options?**

Stanislaus County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas. It is the policy of the Superior Court of California that all parties are required to meet-and-confer with the opposing side before the Case Management Conference pursuant to rule 3.724 of the California Rules of Court.

### ❖ ARBITRATION

In arbitration, a neutral person called an "arbitrator" presides at the hearing. The arbitrator hears arguments, makes legal rulings, and evaluates the evidence determining the facts from each side. The arbitrator applies the law to the facts of each case and makes an award based upon the merits. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with the California statutes. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. These hearings are not held in court.

1. _Binding arbitration_ means that the parties waive their right to a trial and agree to accept the arbitrator's final decision. Generally, there is no right to appeal an arbitrator's decision.
2. _Non-Binding arbitration_ means that the parties are free to request a trial with the court if they do not accept the arbitrator's decision.

**Cases for which Arbitration may be appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial. It may also be appropriate for complex matters.

**Operation/Court Policy.** Pursuant to Code of Civil Procedures § 1141.11, all civil actions in which the amount in controversy will not exceed $50,000 shall be submitted to arbitration. A case is ordered to arbitration after the Case Management Conference. The neutral is chosen from the Courts approved panel, located on our website at www.stanct.org.

**Cost.** There is no cost to the parties for judicial arbitration. [Local Rule 3.07 (1)]

### ❖ MEDIATION

In mediation, a neutral person called a "mediator" facilitates communication among parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution. Mediation is a voluntary, informal and confidential process held out of court.

**Cases for which Mediation may be appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. If family members, neighbors or business partners have a dispute, mediation may be the best process to use.

**Operation/Court Policy.** All parties to a dispute may voluntarily agree to submit their case to mediation, either through a court appointment or through a private arrangement. A list of neutral providers who are trained and experienced have been reviewed and approved by the Court. The list can be found at www.stanct.org. Litigants are not limited to a mediator on the court list and may select any mediator agreed upon by all the parties in private mediation. A mediation provider need not be an attorney.

1. _Private Mediation._ Parties to a civil action can agree to mediate their dispute with a mediator of their choice without court assistance.
2. _Court Mediation._ Upon stipulation of the parties, the parties may either personally select their mediator from the court approved list of neutrals or request the court to make the selection from the said list. The court will confirm the selected mediator and notice parties by mail.

**Cost.** Generally the cost of _private mediation_ ranges from $100-$300 per hour and is shared equally by the parties. The cost of _court mediation_ is $400 total ($200 per side) for the first two hours. In the event that mediation extends beyond two hours and parties determine it would be beneficial to continue the mediation process, the parties will independently be responsible for compensating the mediator in an amount set by the mediator.

### ❖ Additional Information

Under the Dispute Resolution Program Act (DRPA) funding, the court partners with Stanislaus County Mediation Center to provide free mediation services to litigants in small claims matters and cases involving unlawful detainer. For more information on the specific ADR programs of the Stanislaus County Superior Court, please review the Local Rules available on the Court's website at www.stanct.org.

STAN-100

| ATTORNEY FOR PLAINTIFF *(name, bar card, and address):* | FOR COURT USE ONLY |
|---|---|
| | |

TELEPHONE NO.:                    FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

**SUPERIOR COURT OF CALIFORNIA, STANISLAUS COUNTY**
  MAILING ADDRESS: **801 10TH STREET, 4TH FLOOR**
  CITY AND ZIP CODE: **MODESTO, CA 95354**
  BRANCH NAME: **MODESTO**

| **STIPULATION AND ORDER TO ADR** | |
|---|---|
| CASE NAME: | CASE NUMBER: |

The parties or by and through their attorneys' of record stipulate that the claims in this action shall be submitted to the following alternative dispute resolution process:

☐ Voluntary Mediation               ☐ Private Arbitration
☐ Private Mediation                   ☐ Voluntary Mediation in lieu of
☐ Judicial Arbitration                      Judicial Arbitration

| **This box is to be filled out for Voluntary Mediation and Neutral Evaluation only.** |
|---|
| ☐ In accordance with Stanislaus County Rule of Court 3.10(D)(4) and 3.11(C)(2) this form must be signed by the agreed upon mediator.  If both parties agree the court will select a mediator for the case. |
| ☐ It is Stipulated that_____(Name of mediator) shall serve as the neutral for this case.<br><br>_____        _____<br>Signature of Mediator                       Date |
| ☐ It is Stipulated that the Court select a mediator for this case. |
| **For Voluntary Mediation this form must be completed and returned with $400 ($200 from the plaintiffs and $200 from the defendants).** |

▷_____        ►_____
SIGNATURE                          DATE        SIGNATURE                          DATE

_____        _____
  PLAINTIFF OR PLAINTIFF'S ATTORNEY        DEFENDANT OR DEFANDANT'S ATTORNEY

February 27, 2018                 **STIPULATION AND ORDER TO ADR**
(Mandatory)

STAN-220

| *Name and Address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS *(Optional):*      FAX NO. *(Optional):* | |

**SUPERIOR COURT OF CALIFORNIA, STANISLAUS COUNTY**
MAILING ADDRESS:  801 10TH STREET, 4TH FLOOR
CITY AND ZIP CODE:  MODESTO, CA 95354
BRANCH NAME:  MODESTO

CASE NAME:

| **NOTICE OF DATE, TIME AND PLACE OF MEDIATION** | CASE NUMBER: |
|---|---|

All parties to this case are notified that this matter has been set for Mediation on

_____, 20__, at the hour of _____, at this address:

_____

_____

_____

Date: _____        Signature: _____

                                      Print Name: _____

STAN-230

| MEDIATOR *(Name and Address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS *(Optional)*:          FAX NO. *(Optional)*: | |

**SUPERIOR COURT OF CALIFORNIA, STANISLAUS COUNTY**
MAILING ADDRESS: **801 10TH STREET, 4TH FLOOR**
CITY AND ZIP CODE: **MODESTO, CA 95354**
BRANCH NAME: **MODESTO**

| CASE NAME: | |
|---|---|
| **MEDIATOR'S REPORT** | CASE NUMBER: |

1. Mediation *(check one)*

   ☐ did not take place, because _____

   _____

   _____

   _____

   ☐ is continuing until _____

   ☐ took place on _____ and is completed.

2. The mediation ended in *(check one)*

   ☐ full agreement.

   ☐ partial agreement.

   ☐ no agreement.

_____          ► _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF MEDIATOR)

_____
Date:

NOTE: Within 10 days of the end of the mediation process or by the ADR completion deadline set by the court, the mediator must forward a copy of this report to the ADR Clerk at the Stanislaus County Courthouse. Please do not include any confidential information on this form (see *Evidence Code* §1121).

July 1, 2006 (mandatory)          **MEDIATOR'S REPORT**          Exhibit A, Page 33

Electronically Filed
5/26/2022 4:55 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Alexandra Miller, Deputy

$435 PAID

**DYKEMA GOSSETT LLP**
DOMMOND E. LONNIE, State Bar No. 142662
   *DLonnie@dykema.com*
NICHOLAS O. VON DER LANCKEN, State Bar No. 292678
   *NvonderLancken@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant
GENERAL MOTORS LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF STANISLAUS

| | |
|---|---|
| DYLAN McDONALD,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC; GENERAL MOTORS HOLDING LLC; GENERAL MOTORS COMPANY; AND DOES 1 - 35, INCLUSIVE,<br><br>Defendant. | Case No. CV-22-001867<br><br>**GENERAL MOTORS LLC'S ANSWER TO COMPLAINT FOR DAMAGES AND AFFIRMATIVE DEFENSES**<br><br>**DEMAND FOR JURY TRIAL**<br><br><br><br>Complaint Filed:  April, 27, 2022<br>Trial Date:  None |

Defendant, GENERAL MOTORS LLC (hereinafter "GM LLC") answers DYLAN MCDONALD'S (hereinafter "Plaintiff") unverified Complaint for Damages as follows:

Pursuant to Section 431.30 of the California Code of Civil Procedure, GM LLC denies each and every allegation regarding the 2008 Chevrolet Trailblazer identified in Plaintiff's Complaint and each and every cause of action relating to the 2008 Chevrolet Trailblazer related to this answering Defendant.

///

///

Exhibit A, Page 34

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**FIRST AFFIRMATIVE DEFENSE**

1. GM LLC alleges that the Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. GM LLC alleges that Plaintiff has failed to mitigate his alleged damages.

**THIRD AFFIRMATIVE DEFENSE**

3. GM LLC alleges that Plaintiff's alleged damages were caused or contributed to by the negligence, fault, and/or other wrongful acts or omissions of persons or entities other than GM LLC over whom GM LLC had or has no control or right of control and for whom GM LLC is not responsible.

**FOURTH AFFIRMATIVE DEFENSE**

4. GM LLC alleges that the injuries and damages, if any, of which Plaintiff complains was caused and/or contributed to by the negligence of Plaintiff, and Plaintiff is, therefore, barred from recovery herein or Plaintiff's damages, if any, are reduced according to law.

**FIFTH AFFIRMATIVE DEFENSE**

5. GM LLC alleges that Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

6. GM LLC alleges that Plaintiff's alleged damages were caused by the misuse, abuse, modification, and/or alteration of the 2008 Chevrolet Trailblazer.

**SEVENTH AFFIRMATIVE DEFENSE**

7. GM LLC alleges that at the time of the accident alleged in the Complaint, the 2008 Chevrolet Trailblazer was not in substantially the same condition as when it was last in the possession, custody, or control of GMC LLC.

**EIGHTH AFFIRMATIVE DEFENSE**

8. GM LLC alleges that Plaintiff's alleged damages were the direct and proximate result of intervening and superseding forces or events over which GM LLC exercised no control.

///

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

106069.001528  4880-2144-3617.1

2

GENERAL MOTORS LLC'S ANSWER TO COMPLAINT FOR DAMAGES AND AFFIRMATIVE DEFENSES

**NINTH AFFIRMATIVE DEFENSE**

9.      GM LLC alleges that Plaintiff's Complaint fails to state a cause of action against this defendant in that it is based upon a legal theory which violates Defendant's right to due process and equal protection since any claims based upon the definition of defect as set forth in the case of *Barker v. Lull*, 20 Ca1.3d 413 (1978), or its progeny, attempt to impose liability under a vague and indefinite law without any objective standard by which this Defendant's conduct could be measured at the time it designed, manufactured or distributed the subject product.

**TENTH AFFIRMATIVE DEFENSE**

10.      GM LLC alleges that at the time of the 2008 Chevrolet Trailblazer's manufacture and original sale, the vehicle's design and manufacture comported with the prevailing state of the art.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.      GM LLC alleges that Plaintiff's recovery of benefits, insurance proceeds, and/or settlement proceeds in connection with the incident alleged in the Complaint is a collateral source subject to set-off from any judgment rendered in his favor.

**TWELFTH AFFIRMATIVE DEFENSE**

12.      GM LLC alleges that the 2008 Chevrolet Trailblazer complied with any and all applicable federal and/or state standards.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.      GM LLC alleges that some or all of Plaintiff's claims may be preempted and/or barred, in whole or part, by operation of federal law, including, but not limited to, applicable Federal Motor Vehicle Safety Standards and the National Traffic and Motor Vehicle Safety Act of 1966, 49 USC §§ 30101 et seq., and regulations promulgated thereunder.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.      GM LLC alleges that Plaintiff and/or his agents and representatives may have failed to preserve evidence, including but not limited to the 2008 Chevrolet Trailblazer which is the subject of Plaintiff's complaint and, by way of spoliation of evidence, Plaintiff has prevented and/or precluded this Defendant from properly investigating and preparing an adequate defense to

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

106069.001528  4880-2144-3617.1

3

GENERAL MOTORS LLC'S ANSWER TO COMPLAINT FOR DAMAGES AND AFFIRMATIVE DEFENSES

the matters herein alleged, all to Defendant's irreparable damage, thereby providing a legal basis for relief, including but not limited to an order of dismissal and/or barring introduction of evidence concerning any alleged defect in the subject product which may have existed at the time of original manufacture and sale.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. GM LLC alleges that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the laws of the United States and California because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States and California Constitutions; specifically, the First Amendment to the United States Constitution and Article I, Section 2 of the California Constitution; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an "excessive fine" or penalty under Article I, Section 17 of the California Constitution; (iv) any such award is precluded or limited pursuant to Section 3294 of the California Civil Code or the United States Constitution and the due process clause; and (v) punitive damages would violate the United States and California Constitutions and common law because such an award is based from procedures that are vague, open-ended unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. GM LLC alleges that an award of punitive damages against GM LLC in this matter based on GM LLC's conduct outside of the jurisdiction would be in violation of the United States Supreme Court's holding in *State Farm v. Campbell*, 538 U.S. 408, 154 L. Ed. 2d 585, 123 S. Ct. 1513 (2003).

///

///

Exhibit A, Page 37

GENERAL MOTORS LLC'S ANSWER TO COMPLAINT FOR DAMAGES AND AFFIRMATIVE DEFENSES

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     GM LLC alleges that to the extent that the applicable state law permits punishment to be measured by the net worth or financial status of GM LLC and imposes greater punishment on defendants with a larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allowing bias and prejudice to infect verdicts imposing punishments, allows punishments to be imposed on lawful profits and the conduct of GM LLC in other states and allows dissimilar treatment of similarly situated defendants in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution and the applicable state Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     GM LLC alleges that if GM LLC is liable to any extent, which is denied, an award of punitive damages, if any, must be reasonably related to Plaintiff's actual damages and GM LLC's conduct in this state.  Lack of reasonable relation of punitive damages to Plaintiff's damages and GM LLC's conduct in this state would violate GM LLC's rights to due process, equal protection and freedom from excessive fines and cruel and unusual punishment under the Constitutions of this State and the United States.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     GM LLC alleges that some or all of Plaintiff's claims, including, but not limited to, the claim for punitive damages, are barred by the July 5, 2009 Sale Order and Injunction entered by the United States Bankruptcy Court for the Southern District of New York in the matter entitled *In re General Motors Corp., et al.*, Chapter 11 Case No. 09-50026, by subsequent decisions and judgments entered by the Bankruptcy Court in that matter, including *In re Motors Liquidation Co.*, 590 B.R. 39 (S.D.N.Y. 2018), and by subsequent decisions of the United States Second Circuit Court of Appeals, including *Butler Wooten & Peak LLP v. GM LLC* (*In re Motors Liquidation Co.*), 943 F.3d 125, 133 (2d Cir. 2019).

///

///

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     GM LLC avails itself of all other defenses as may become apparent through additional investigation and/or discovery.

WHEREFORE, GM LLC prays as follows:

(1)     That Plaintiff takes nothing by way of his Complaint;

(2)     That judgment be entered in favor of GM LLC and against Plaintiff;

(3)     That GM LLC be awarded its costs of the suit and attorney's fees incurred herein; and,

(4)     That GM LLC be awarded such other and further relief as the Court deems just and proper.

DATED:  May 24, 2022                    DYKEMA GOSSETT LLP

By:  _____
                    DOMMOND E. LONNIE
                    NICHOLAS O. VON DER LANCKEN
                    Attorneys for Defendant
                    GENERAL MOTORS LLC

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

106069.001528  4880-2144-3617.1

6

GENERAL MOTORS LLC'S ANSWER TO COMPLAINT FOR DAMAGES AND AFFIRMATIVE DEFENSES

1

## DEMAND FOR JURY TRIAL

2       TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

3       PLEASE TAKE NOTICE that Defendant, GENERAL MOTORS LLC, hereby demands a

4   jury trial in this action.

5
    DATED:  May 24, 2022                    DYKEMA GOSSETT LLP
6

7

8                                   By: _____
                                        DOMMOND E. LONNIE
9                                       NICHOLAS O. VON DER LANCKEN
                                        Attorneys for Defendant
10                                      GENERAL MOTORS LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DYKEMA GOSSETT LLP**
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**DYKEMA GOSSETT LLP**
**333 SOUTH GRAND AVENUE**
**SUITE 2100**
**LOS ANGELES, CALIFORNIA 90071**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

*Dylan McDonald v. General Motors LLC, et al.*
*Stanislaus County Superior Court, Case No.:  CV-22-001867*

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California 90071.

On the date set forth below, I served the foregoing document(s) described as:
**GENERAL MOTORS LLC'S ANSWER TO COMPLAINT FOR DAMAGES AND AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

| David M. Birka-White<br>BIRKA-WHITE LAW OFFICES<br>178 E. Prospect Avenue<br>Danville, CA  94526<br>Phone:  (925) 362-9999<br>Email:  dbw@birka-white.com | *Attorney for Plaintiff* |
|---|---|

☒      (**BY ELECTRONIC SERVICE**), I electronically served the document(s) listed above to the attorney(s) listed above at the electronic service address(es) listed by their name(s).  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed on May 24, 2022 at Los Angeles, California.

_____
Marsha Stockard

Exhibit A, Page 41

106069.001528  4880-2144-3617.1

8

GENERAL MOTORS LLC'S ANSWER TO COMPLAINT FOR DAMAGES AND AFFIRMATIVE DEFENSES

EXHIBIT B

# EXHIBIT B

EXHIBIT B



**null / ALL**
**Transmittal Number: 24866000**
**Date Processed: 05/04/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Rosemarie Williams<br>General Motors LLC<br>Mail Code 482-C23-SOP 300 Renaissance CTR<br>300 Renaissance Center<br>Detroit, MI 48265-0001 |

| | |
|---|---|
| **Entity:** | General Motors LLC<br>Entity ID Number  3113523 |
| **Entity Served:** | General Motors LLC |
| **Title of Action:** | McDonald, Dylan vs. General Motors LLC; General Motors Holdings LLC; General Motors Company |
| **Matter Name/ID:** | McDonald, Dylan vs. General Motors LLC; General Motors Holdings LLC; General Motors Company (12254285) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Stanislaus County Superior Court, CA |
| **Case/Reference No:** | CV-22-001867 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/03/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Birka-White Law Offices (Danville, CA)<br>925-362-9999 |
| **Client Requested Information:** | Year: 2008<br>Make: Chevrolet<br>Model: Trailblazer<br>VIN: |

| | |
|---|---|
| **Notes:** | Birka-White Law Offices 178 E. Prospect Avenue Danville, CA 94526<br><br>CSC Location document was served: Corporation Service Company which will do business in California as Csc-Lawyers Incorporating Service 2710 Gateway Oaks Drive Suite 150N Sacramento, CA 95833 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

General Motors LLC; General Motors Holdings LLC; General Motors
Company; and DOES 1 to 35, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Dylan McDonald

| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
| --- |
| Electronically Filed<br>4/27/2022 10:46 AM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Donna Benz, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanislaus County Superior Court, City Towers Courthouse<br>801 10th Street, 4th floor, Modesto, CA 95354 | CASE NUMBER:<br>*(Número del Caso):* CV-22-001867 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David M. Birka-White, Birka-White Law Offices, 178 E. Prospect Ave., Danville, CA 94526 (925) 362-9999

| DATE:<br>*(Fecha)* 4/27/2022 10:46 AM | Clerk, by<br>*(Secretario)* Donna Benz | , Deputy<br>*(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* General Motors LLC

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☑ other *(specify):* LLC-17701.16

4. ☑ by personal delivery on *(date):* 5-3-2022

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
| --- | --- | --- |

EXHIBIT C

# EXHIBIT C

EXHIBIT C

1 | **DYKEMA GOSSETT LLP**
DOMMOND E. LONNIE, CA State Bar No. 142662
2 | *DLonnie@dykema.com*
NICHOLAS VON DER LANCKEN, CA State Bar No. 292678
3 | *NvonderLancken@dykema.com*
333 South Grand Avenue, Suite 2100
4 | Los Angeles, California 90071
Telephone: (213) 457-1800
5 | Facsimile: (213) 457-1850

6 | Attorneys for Defendant
GENERAL MOTORS LLC
7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **EASTERN DISTRICT OF CALIFORNIA**

10 | **FRESNO DIVISION**

11 |

12 | DYLAN McDONALD,                          Case No.

13 |            Plaintiff,                    **DEFENDANT GENERAL MOTORS LLC'S CORPORATE**
14 |    v.                                    **DISCLOSURE IN COMPLIANCE WITH FED.R.CIV.P. 7.1**

15 | GENERAL MOTORS LLC;
GENERAL MOTORS HOLDING
16 | LLC; GENERAL MOTORS
COMPANY; AND DOES 1 - 35,
17 | INCLUSIVE,
                                             Complaint Filed:  April, 27, 2022
18 |            Defendant.                    Trial Date:  None

19 |

20 |        DEFENDANT General Motors LLC provides this Corporate Disclosure in

21 | compliance with Fed.R.Civ.P. 7.1:

22 |        General Motors LLC is a Delaware limited liability company with its

23 | principal place of business in Michigan. General Motors LLC is 100% owned by

24 | General Motors Holdings LLC.

25 |        General Motors Holdings LLC is a Delaware limited liability company with

26 | its principal place of business in Michigan. General Motors Holdings LLC is 100%

27 | owned by General Motors Company.

28 | / / /

*Left margin (vertical text):* DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

106069.001528  4877-5703-4527.1

General Motors Company is a Delaware corporation with its principal place of business in Michigan. No public entity owns 10% or more of the stock of General Motors Company.

A supplemental disclosure statement will be filed upon any change in the information provided herein.

DATED:  May 31, 2022          DYKEMA GOSSETT LLP


By:     /S/
        DOMMOND E. LONNIE
        NICHOLAS VON DER LANCKEN
        Attorneys for Defendant
        GENERAL MOTORS LLC

**DYKEMA GOSSETT LLP**
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071

106069.001528  4877-5703-4527.1

2

GENERAL MOTOR LLC'S CORPORATE DISCLOSURE IN COMPLIANCE WITH FED.R.CIV.P. 7.1

**EXHIBIT D**

# EXHIBIT D

**EXHIBIT D**

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL
# TRAFFIC COLLISION REPORT
CHP 555 PAGE 1 (REV. 04-11) OPI 060

PAGE 1 OF 13

| SPECIAL CONDITIONS | NUMBER INJURED | HIT & RUN FELONY | CITY | JUDICIAL DISTRICT | LOCAL REPORT NUMBER |
|---|---|---|---|---|---|
| | 2 | | UNINCORPORATED | MODESTO | 9465-2020-00992 |

| | NUMBER KILLED | HIT & RUN MISDEMEANOR | COUNTY | REPORTING DISTRICT | BEAT | DAY OF WEEK | TOW AWAY |
|---|---|---|---|---|---|---|---|
| | 0 | | STANISLAUS | | 015 | WEDNESDAY | [x] YES [ ] NO |

**LOCATION**

| COLLISION OCCURRED ON: | | MO | DAY | YEAR | TIME (2400) | NCIC # | OFFICER I.D. |
|---|---|---|---|---|---|---|---|
| STATE ROUTE 219 (KIERNAN AVENUE) | | 05/06/2020 | | | 1500 | 9465 | 020609 |

| MILEPOST INFORMATION: | GPS COORDINATES | | PHOTOGRAPHS BY: |
|---|---|---|---|
| | LATITUDE 37.710952° LONGITUDE -121.022247° | | [x] NONE |

| [ ] AT INTERSECTION WITH: | STATE HWY REL |
|---|---|
| [x] OR: 30 FEET WEST OF CARVER ROAD | [ ] YES [ ] NO |

| PARTY 1 | DRIVER'S LICENSE NUMBER | STATE | CLASS | AIR BAG | SAFETY EQUIP. | VEH. YEAR | MAKE / MODEL / COLOR | LICENSE NUMBER | STATE |
|---|---|---|---|---|---|---|---|---|---|
| | E3071964 | CA | C | M | H | 2008 | CHEV TRAIL BLAZER SIL | 6DCW717 | CA |

| DRIVER [x] | NAME(FIRST, MIDDLE, LAST) | | |
|---|---|---|---|
| | DYLAN JAMES MCDONALD | OWNER'S NAME | [ ] SAME AS DRIVER |

| PEDES-TRIAN [ ] | STREET ADDRESS | | |
|---|---|---|---|
| | 1977 ALTA CT | LAWRENCE LEE COX | |

| PARKED VEHICLE [ ] | CITY / STATE / ZIP | | OWNER'S ADDRESS | [x] SAME AS DRIVER |
|---|---|---|---|---|
| | OAKDALE CA 95361 | | | |

| BICY-CLIST [ ] | SEX | HAIR | EYES | HEIGHT | WEIGHT | BIRTHDATE MO DAY YEAR | RACE | DISPOSITION OF VEHICLE ON ORDERS OF: | [x] OFFICER [ ] DRIVER [ ] OTHER |
|---|---|---|---|---|---|---|---|---|---|
| | M | BRN | HZL | 6-00 | 185 | 07/30/1992 | W | CLASSIC TOW - RIVERBANK - (209)869-1177 | |

| OTHER [ ] | HOME PHONE | BUSINESS PHONE | PRIOR MECH. DEFECTS | [x] NONE APP. | [ ] REFER TO NARRATIVE |
|---|---|---|---|---|---|
| | (209)847-1330 | NONE | VEHICLE IDENTIFICATION NUMBER: 1GNDT13S482184488 | | |

| INSURANCE CARRIER | POLICY NUMBER | VEHICLE TYPE | DESCRIBE VEHICLE DAMAGE | SHADE IN DAMAGED AREA |
|---|---|---|---|---|
| FARMERS | 200032163 | 07 | [ ] UNK [ ] NONE [ ] MINOR [x] MOD [ ] MAJOR [ ] ROLL-OVER | |

| DIR OF TRAVEL | ON STREET OR HIGHWAY | SPEED LIMIT | CA ___ DOT ___ |
|---|---|---|---|
| E | STATE ROUTE 219 | 65 | CAL-T ___ TCP/PSC ___ MC/MX ___ |

| PARTY 2 | DRIVER'S LICENSE NUMBER | STATE | CLASS | AIR BAG | SAFETY EQUIP. | VEH. YEAR | MAKE / MODEL / COLOR | LICENSE NUMBER | STATE |
|---|---|---|---|---|---|---|---|---|---|
| | B5940644 | CA | C | M | G | 2017 | CHEV SILVERADO RED | 25147F2 | CA |

| DRIVER [x] | NAME(FIRST, MIDDLE, LAST) | | |
|---|---|---|---|
| | DAN ALBERT VANDERVEEN | OWNER'S NAME | [x] SAME AS DRIVER |

| PEDES-TRIAN [ ] | STREET ADDRESS | | |
|---|---|---|---|
| | 5407 OUNTAIN VIEW | OWNER'S ADDRESS | [x] SAME AS DRIVER |

| PARKED VEHICLE [ ] | CITY / STATE / ZIP | | |
|---|---|---|---|
| | HUGHSON CA 95326 | | |

| BICY-CLIST [ ] | SEX | HAIR | EYES | HEIGHT | WEIGHT | BIRTHDATE MO DAY YEAR | RACE | DISPOSITION OF VEHICLE ON ORDERS OF: | [ ] OFFICER [ ] DRIVER [ ] OTHER |
|---|---|---|---|---|---|---|---|---|---|
| | M | BRN | | 6-05 | 285 | 04/25/1979 | W | TNT TOWING - OAKDALE - (209)847-6735 | |

| OTHER [ ] | HOME PHONE | BUSINESS PHONE | PRIOR MECHANICAL DEFECTS | [x] NONE APP. | [ ] REFER TO NARRATIVE |
|---|---|---|---|---|---|
| | (209)985-7699 | NONE | VEHICLE IDENTIFICATION NUMBER: 3GCUKREC9HG144690 | | |

| INSURANCE CARRIER | POLICY NUMBER | VEHICLE TYPE | DESCRIBE VEHICLE DAMAGE | SHADE IN DAMAGED AREA |
|---|---|---|---|---|
| AAA | CAAS102108611 | 22 | [ ] UNK [ ] NONE [ ] MINOR [x] MOD [ ] MAJOR [ ] ROLL-OVER | |

| DIR OF TRAVEL | ON STREET OR HIGHWAY | SPEED LIMIT | CA ___ DOT ___ |
|---|---|---|---|
| E | STATE ROUTE 219 | 65 | CAL-T ___ TCP/PSC ___ MC/MX ___ |

| PARTY 3 | DRIVER'S LICENSE NUMBER | STATE | CLASS | AIR BAG | SAFETY EQUIP. | VEH. YEAR | MAKE / MODEL / COLOR | LICENSE NUMBER | STATE |
|---|---|---|---|---|---|---|---|---|---|
| DRIVER [ ] | | | | | | | | | |

| | NAME(FIRST, MIDDLE, LAST) | | |
|---|---|---|---|
| | | OWNER'S NAME | [ ] SAME AS DRIVER |

| PEDES-TRIAN [ ] | STREET ADDRESS | | |
|---|---|---|---|
| | | OWNER'S ADDRESS | [ ] SAME AS DRIVER |

| PARKED VEHICLE [ ] | CITY / STATE / ZIP | | |
|---|---|---|---|

| BICY-CLIST [ ] | SEX | HAIR | EYES | HEIGHT | WEIGHT | BIRTHDATE MO DAY YEAR | RACE | DISPOSITION OF VEHICLE ON ORDERS OF: | [ ] OFFICER [ ] DRIVER [ ] OTHER |
|---|---|---|---|---|---|---|---|---|---|

| OTHER [ ] | HOME PHONE | BUSINESS PHONE | PRIOR MECHANICAL DEFECTS | [ ] NONE APP. | [ ] REFER TO NARRATIVE |
|---|---|---|---|---|---|
| | | | VEHICLE IDENTIFICATION NUMBER: | | |

| INSURANCE CARRIER | POLICY NUMBER | VEHICLE TYPE | DESCRIBE VEHICLE DAMAGE | SHADE IN DAMAGED AREA |
|---|---|---|---|---|
| | | | [ ] UNK [ ] NONE [ ] MINOR [ ] MOD [ ] MAJOR [ ] ROLL-OVER | |

| DIR OF TRAVEL | ON STREET OR HIGHWAY | SPEED LIMIT | CA ___ DOT ___ |
|---|---|---|---|
| | | | CAL-T ___ TCP/PSC ___ MC/MX ___ |

| PREPARER'S NAME | DISPATCH NOTIFIED | REVIEWER'S NAME | DATE REVIEWED |
|---|---|---|---|
| JERRY GAMMON 020609 | [x] YES [ ] NO [ ] N/A | MING-YANG HSU 018381 | 05/08/2020 |

AN INTERNATIONALLY ACCREDITED AGENCY

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL

# TRAFFIC COLLISION CODING
CHP 555 CARS PAGE2 (REV. 04-11) OPI 060

PAGE 2 OF 13

| DATE OF COLLISION (MO. DAY YEAR) | TIME(2400) | NCIC # | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 05/06/2020 | 1500 | 9465 | 020609 | 9465-2020-00992 |

| PROPERTY DAMAGE | OWNER'S NAME | | OWNER ADDRESS | | NOTIFIED ☐ YES ☐ NO |
|---|---|---|---|---|---|
| | DESCRIPTION OF DAMAGE | | | | |

## SEATING POSITION

∧

1  2  3
4  5  6
7

1 - DRIVER
2 TO 6 - PASSENGERS
7 - STATION WAGON REAR
8 - REAR. OCC. TRK, OR VAN
9 - POSITION UNKNOWN
0 - OTHER

## SAFETY EQUIPMENT

**OCCUPANTS**
A - NONE IN VEHICLE
B - UNKNOWN
C - LAP BELT USED
D - LAP BELT NOT USED
E - SHOULDER HARNESS USED
F - SHOULDER HARNESS NOT USED
G - LAP/SHOULDER HARNESS USED
H - LAP/SHOULDER HARNESS NOT USED
J - PASSIVE RESTRAINT USED
K - PASSIVE RESTRAINT NOT USED
P - NOT REQUIRED

**CHILD RESTRAINT**
Q - IN VEHICLE USED
R - IN VEHICLE NOT USED
S - IN VEHICLE USE UNKNOWN
T - IN VEHICLE IMPROPER USE
U - NONE IN VEHICLE

**M / C BICYCLE HELMET**
| DRIVER | PASSENGER |
|---|---|
| V - NO | X - NO |
| W - YES | Y - YES |

## AIR BAG
B - UNKNOWN
L - AIR BAG DEPLOYED
M - AIR BAG NOT DEPLOYED
N - OTHER
P - NOT REQUIRED

**EJECTED FROM VEHICLE**
0 - NOT EJECTED
1 - FULLY EJECTED
2 - PARTIALLY EJECTED
3 - UNKNOWN

## INATTENTION CODES
A - CELL PHONE HANDHELD
B - CELL PHONE HANDSFREE
C - ELECTRONIC EQUIPMENT
D - RADIO / CD
E - SMOKING
F - EATING
G - CHILDREN
H - ANIMALS
I - PERSONAL HYGIENE
J - READING
K - OTHER

ITEMS MARKED BELOW FOLLOWED BY AN ASTERISK (*) SHOULD BE EXPLAINED IN THE NARRATIVE.

| PRIMARY COLLISION FACTOR LIST NUMBER (#) OF PARTY AT FAULT | | TRAFFIC CONTROL DEVICES | 1 | 2 | 3 | SPECIAL INFORMATION | 1 | 2 | 3 | MOVEMENT PRECEDING COLLISION | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | A 22350  CITED ☐ YES  ☒ NO  VC SECTION VIOLATED | A CONTROLS FUNCTIONING | | | | A HAZARDOUS MATERIAL | | ☒ | | A STOPPED | |
| | B OTHER IMPROPER DRIVING* | B CONTROLS NOT FUNCTIONING* | | | | B CELL PHONE HANDHELD IN USE | ☒ | | | B PROCEEDING STRAIGHT | |
| | | C CONTROLS OBSCURED | | | | C CELL PHONE HANDSFREE IN USE | | | | C RAN OFF ROAD | |
| | C OTHER THAN DRIVER* | D NO CONTROLS PRESENT / FACTOR* | ☒ | ☒ | ☒ | D CELL PHONE NOT IN USE | | | | D MAKING RIGHT TURN | |
| | D UNKNOWN* | **TYPE OF COLLISION** | | | | E SCHOOL BUS RELATED | | | | E MAKING LEFT TURN | |
| | | A HEAD - ON | | | | F 75 FT MOTORTRUCK COMBO | | | | F MAKING U TURN | |
| | | B SIDE SWIPE | | | | G 32 FT TRAILER COMBO | | | | G BACKING | |
| **WEATHER** (MARK 1 TO 2 ITEMS) | | C REAR END | ☒ | | | H | | | | H SLOWING / STOPPING | |
| ☒ | A CLEAR | D BROADSIDE | | | | I | | | | I PASSING OTHER VEHICLE | |
| | B CLOUDY | E HIT OBJECT | | | | J | | | | J CHANGING LANES | |
| | C RAINING | F OVERTURNED | | | | K | | | | K PARKING MANEUVER | |
| | D SNOWING | G VEHICLE / PEDESTRIAN | | | | L | | | | L ENTERING TRAFFIC | |
| | E FOG / VISIBILITY     FT. | H OTHER* | | | | M | | | | M OTHER UNSAFE TURNING | |
| | F OTHER* | **MOTOR VEHICLE INVOLVED WITH** | | | | N | | | | N XING INTO OPPOSING LANE | |
| | G WIND | A NON - COLLISION | | | | O | | | | O PARKED | |
| **LIGHTING** | | B PEDESTRIAN | | | | | | | | P MERGING | |
| ☒ | A DAYLIGHT | C OTHER MOTOR VEHICLE | ☒ | | | **OTHER ASSOCIATED FACTORS** (MARK 1 TO 2 ITEMS) | 1 | 2 | 3 | Q TRAVELING WRONG WAY | |
| | B DUSK - DAWN | D MOTOR VEHICLE ON OTHER ROADWAY | | | | | | | | R OTHER* | |
| | C DARK - STREET LIGHTS | E PARKED MOTOR VEHICLE | | | | A  VC SECTION VIOLATED  CITED ☐ YES | | | | | |
| | D DARK - NO STREET LIGHTS | F TRAIN | | | | | | | | | |
| | E DARK - STREET LIGHTS NOT FUNCTIONING* | G BICYCLE | | | | B  VC SECTION VIOLATED  CITED ☐ YES | | | | | |
| **ROADWAY SURFACE** | | H ANIMAL | | | | | | | | **SOBRIETY - DRUG PHYSICAL** (MARK 1 TO 2 ITEMS) | |
| ☒ | A DRY | I FIXED OBJECT* | | | | C  VC SECTION VIOLATED  CITED ☐ YES | 1 | 2 | 3 | | |
| | B WET | | | | | D | ☒ | ☒ | | A HAD NOT BEEN DRINKING | |
| | C SNOWY - ICY | J OTHER OBJECT* | | | | E VISION OBSCUREMENT | | | | B HBD - UNDER INFLUENCE | |
| | D SLIPPERY (MUDDY, OILY, ETC.) | | | | | F INATTENTION* | | | | C HBD - NOT UNDER INFLUENCE* | |
| **ROADWAY CONDITION(S)** (MARK 1 TO 2 ITEMS) | | **PEDESTRIAN'S ACTIONS** | | | | G STOP & GO TRAFFIC | | | | D HBD - IMPAIRMENT UNKNOWN* | |
| | A HOLES, DEEP RUT* | ☒ A NO PEDESTRIANS INVOLVED | | | | H ENTERING / LEAVING RAMP | | | | E UNDER DRUG INFLUENCE* | |
| | B LOOSE MATERIAL ON ROADWAY* | B CROSSING IN CROSSWALK - AT INTERSECTION | | | | I PREVIOUS COLLISION | | | | F IMPAIRMENT - PHYSICAL* | |
| | C OBSTRUCTION ON ROADWAY* | | | | | J UNFAMILIAR WITH ROAD | | | | G IMPAIRMENT NOT KNOWN | |
| | D CONSTRUCTION - REPAIR ZONE | C CROSSING IN CROSSWALK - NOT AT INTERSECTION | | | | K DEFECTIVE VEH. EQUIP.  CITED ☐ YES ☐ NO | | | | H NOT APPLICABLE | |
| | E REDUCED ROADWAY WIDTH | | | | | | | | | I SLEEPY / FATIGUED* | |
| | F FLOODED* | D CROSSING - NOT IN CROSSWALK | | | | L UNINVOLVED VEHICLE | | | | | |
| | G OTHER* | E IN ROAD - INCLUDES SHOULDER | | | | M OTHER* | | | | | |
| ☒ | H NO UNUSUAL CONDITIONS | F NOT IN ROAD | ☒ | ☒ | | N NONE APPARENT | | | | | |
| | | G APPROACHING / LEAVING SCHOOL BUS | | | | O RUNAWAY VEHICLE | | | | | |

| SKETCH | | MISCELLANEOUS |
|---|---|---|
| **FOR SKETCH DIAGRAM, SEE PAGE 4** | ◯ INDICATE NORTH | |

AN INTERNATIONALLY ACCREDITED AGENCY

Exhibit D, Page 50

# INJURED / WITNESSES / PASSENGERS

| DATE OF COLLISION (MO. DAY YEAR) | TIME(2400) | NCIC # | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 05/06/2020 | 1500 | 9465 | 020609 | 9465-2020-00992 |

| | WITNESS ONLY | PASSENGER ONLY | AGE | SEX | EXTENT OF INJURY('X' ONE) | | | | INJURED WAS ('X' ONE) | | | | | PARTY NUMBER | SEAT POS. | AIR BAG | SAFETY EQUIP. | EJECTED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | FATAL INJURY | SUSPECTED SERIOUS INJURY | SUSPECTED MINOR INJURY | POSSIBLE INJURY | DRIVER | PASS. | PED. | BICYCLIST | OTHER | | | | | |
| # | ☐ | ☐ | 27 | M | ☐ | ☐ | ☐ | ☒ | ☒ | ☐ | ☐ | ☐ | ☐ | 1 | 3 | M | H | 0 |

NAME / D.O.B. / ADDRESS
DYLAN JAMES MCDONALD  (07/30/1992)  1977 ALTA CT  OAKDALE CA 95361
TELEPHONE (209)847-1330

| (INJURED ONLY) TRANSPORTED BY: | EMS RUN NUMBER | TAKEN TO: |
|---|---|---|
| AMR | 03356106 | DOCTORS MEDICAL CENTER |

DESCRIBE INJURIES:   COMPLAINT OF PAIN TO HEAD, NECK AND CHEST

---

| # | ☐ | ☐ | 41 | M | ☐ | ☐ | ☐ | ☒ | ☒ | ☐ | ☐ | ☐ | ☐ | 2 | 3 | M | G | 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

☐ VICTIM OF VIOLENT CRIME NOTIFIED

NAME / D.O.B. / ADDRESS
DAN ALBERT VANDERVEEN  (04/25/1979)  5407 OUNTAIN VIEW  HUGHSON CA 95326
TELEPHONE (209)985-7699

| (INJURED ONLY) TRANSPORTED BY: | EMS RUN NUMBER | TAKEN TO: |
|---|---|---|
| AMR | 03356107 | MEMORIAL MEDICAL CENTER |

DESCRIBE INJURIES:   COMPLAINT OF PAIN TO LOWER BACK

---

| ☒ # 1 | ☐ | | 48 | M | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

☐ VICTIM OF VIOLENT CRIME NOTIFIED

NAME / D.O.B. / ADDRESS
DANIEL ORNELAS (03/03/1972) 3209 PARKCREST DR. MODESTO CA 95355
TELEPHONE (209)408-2585

| (INJURED ONLY) TRANSPORTED BY: | EMS RUN NUMBER | TAKEN TO: |
|---|---|---|
| | | |

DESCRIBE INJURIES:

---

| ☒ # 2 | ☐ | | 43 | M | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

☐ VICTIM OF VIOLENT CRIME NOTIFIED

NAME / D.O.B. / ADDRESS
MARCOS PEREZ (02/23/1977) 2054 SILVEROCK RD. RIVERBANK CA 95367
TELEPHONE (408)591-2284

| (INJURED ONLY) TRANSPORTED BY: | EMS RUN NUMBER | TAKEN TO: |
|---|---|---|
| | | |

DESCRIBE INJURIES:

---

| # | ☐ | | | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

☐ VICTIM OF VIOLENT CRIME NOTIFIED

NAME / D.O.B. / ADDRESS
TELEPHONE

| (INJURED ONLY) TRANSPORTED BY: | EMS RUN NUMBER | TAKEN TO: |
|---|---|---|
| | | |

DESCRIBE INJURIES:

---

| # | ☐ | | | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

☐ VICTIM OF VIOLENT CRIME NOTIFIED

NAME / D.O.B. / ADDRESS
TELEPHONE

| (INJURED ONLY) TRANSPORTED BY: | EMS RUN NUMBER | TAKEN TO: |
|---|---|---|
| | | |

DESCRIBE INJURIES:

☐ VICTIM OF VIOLENT CRIME NOTIFIED

| PREPARER'S NAME | I.D. NUMBER | MO. DAY YEAR | REVIEWER'S NAME | MO. DAY YEAR |
|---|---|---|---|---|
| JERRY GAMMON | 020609 | 05/06/2020 | MING-YANG HSU 018381 | 05/08/2020 |

AN INTERNATIONALLY ACCREDITED AGENCY

STATE OF CALIFORNIA
## SKETCH DIAGRAM
CHP 555 Page 4(Rev. 04-11) OPI 060

PAGE 4 OF 13

| DATE OF INCIDENT | TIME | NCIC NUMBER | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 05/06/2020 | 1500 | 9465 | 020609 | 9465-2020-00992 |

ALL MEASUREMENTS ARE APPROXIMATE AND NOT TO SCALE UNLESS STATED (SCALE=        )

## Carver Road



LEGEND
A. Solid White Line
B. Broken White Line
C. Solid Double Yellow Lines
D. Asphalt Shoulder
E. Dirt Shoulder
F. Solid Yellow Line

Kiernan Avenue

| PREPARED BY | I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| JERRY GAMMON | 020609 | 05/06/2020 | MING-YANG HSU 018381 | 05/08/2020 |

STATE OF CALIFORNIA
## FACTUAL DIAGRAM
CHP 555 Page 4(Rev. 04-11)  OPI 060

PAGE 5 OF 13

| DATE OF INCIDENT | TIME | NCIC NUMBER | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 05/06/2020 | 1500 | 9465 | 020609 | 9465-2020-00992 |

ALL MEASUREMENTS ARE APPROXIMATE AND NOT TO SCALE UNLESS STATED (SCALE= )

### Carver Road



LEGEND
A. Solid White Line
B. Broken White Line
C. Solid Double Yellow Lines
D. Asphalt Shoulder
E. Dirt Shoulder
F. Solid Yellow Line

Kiernan Avenue

| PREPARED BY | I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| JERRY GAMMON | 020609 | 05/06/2020 | MING-YANG HSU 018381 | 05/08/2020 |

| STATE OF CALIFORNIA | | | | |
|---|---|---|---|---|
| NARRATIVE/SUPPLEMENTAL | | NCIC NUMBER<br>9465 | OFFICER I.D.<br>020609 | NUMBER<br>9465-2020-00992 |
| DATE OF INCIDENT<br>05/06/2020 | TIME<br>1500 | | | |

## FACTUAL DIAGRAM LEGEND

1

2

3  REFERENCE LINE DESCRIPTION

4

5  Two reference lines were established at the scene to obtain measurements.  Reference Line A
6  was the south edge of State Route 219 (Kiernan Avenue).  Reference Line B was the west road
7  edge of Carver Road.  All measurements were made from these reference lines at right angles.
8  Measurements were made to the center of each item unless otherwise specified.   All
9  measurements were made with a roll meter, google maps, foot pacing and visual estimation.

10

11  **VEHICLE POINT OF REST**

12

13  Vehicle 1 (Chevrolet, Trailblazer).

| DESCRIPTION | REFERENCE A | REFERENCE B |
|---|---|---|
| Left Front Tire | 26' N | 33' W |
| Left Rear Tire | 26' N | 41' W |

14

15  Vehicle 2 (Chevrolet, Silverado).

| DESCRIPTION | REFERENCE A | REFERENCE B |
|---|---|---|
| Left Front Tire | 41' N | 20' E |
| Left Rear Tire | 40' N | 12' E |

16

17

18

19

20

21

22

| PREPARED BY<br>JERRY GAMMON | I.D. NUMBER<br>020609 | DATE<br>05/06/2020 | REVIEWER'S NAME<br>MING-YANG HSU 018381 | DATE<br>05/08/2020 |
|---|---|---|---|---|

| DATE OF INCIDENT 05/06/2020 | TIME 1500 | NCIC NUMBER 9465 | OFFICER I.D. 020609 | PAGE 7 OF 13 NUMBER 9465-2020-00992 |
|---|---|---|---|---|

1 **PHYSICAL EVIDENCE DESCRIPTION AND LOCATION**

2

3 Item 1 – Plastic Debris approximately (6' X 6'), located:

4

| DESCRIPTION | REFERENCE LINE A | REFERENCE LINE B |
|---|---|---|
| Center of plastic debris | 22' N | 23' W |

5

6

7

8 Item 2 – Plastic debris, approximately (9' X 9*'), located:

9

| DESCRIPTION | REFERENCE LINE A | REFERENCE LINE B |
|---|---|---|
| Center of plastic debris | 33' N | 5' E |

10

11

| PREPARED BY JERRY GAMMON | I.D. NUMBER 020609 | DATE 05/06/2020 | REVIEWER'S NAME MING-YANG HSU 018381 | DATE 05/08/2020 |
|---|---|---|---|---|

STATE OF CALIFORNIA
**NARRATIVE/SUPPLEMENTAL**

PAGE 8 OF 13

| DATE OF INCIDENT | TIME | NCIC NUMBER | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 05/06/2020 | 1500 | 9465 | 020609 | 9465-2020-00992 |

1 **FACTS**

2

3 **NOTIFICATION**

4 On May 6, 2020, at approximately 1505 hours, I received a call from the California Highway Patrol

5 (CHP) Merced Communications Center (MCC) advising of a traffic collision with an ambulance

6 responding. I responded from the CHP Modesto Area office and arrived on the scene at

7 approximately 1515 hours.

8

9 All times, speeds, and measurements are approximations. Measurements were obtained using a

10 roll meter, Google maps, foot pacing and visual estimation.

11

12 **SCENE**

13 This collision occurred west of the intersection of State Route 219 and Carver Road. State Route

14 219 at this location is in an unincorporated area of Stanislaus County. State Route 219 has three

15 thru lanes dedicated for each direction of travel. It is a two-way, smooth, flat, asphalt paved

16 roadway with an east-west alignment. Each lane is delineated by broken white painted lines. The

17 eastbound and westbound lanes of State Route 219 are separated by a dirt/grass center median.

18 The south roadway edge of State Route 219 eastbound is bordered by a bicycle lane and a right

19 turn lane. The north roadway edge is bordered by a left turn lane, followed by a solid yellow

20 painted line.

21

22 Carver Road is a two-lane, two-way, smooth, flat, asphalt paved roadway with a north-south

23 alignment. The northbound and southbound lanes are separated by double yellow lines. The

24 roadway is bordered on both the east and west sides by a solid white painted line, followed by an

25 asphalt shoulder. State Route 219 and Carver Road form a four-way intersection. The intersection

26 is controlled by tri-phase traffic signals in each direction.

27

28

| PREPARED BY | I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| JERRY GAMMON | 020609 | 05/06/2020 | MING-YANG HSU 018381 | 05/08/2020 |

| DATE OF INCIDENT 05/06/2020 | TIME 1500 | NCIC NUMBER 9465 | | PAGE 9 OF 13 |
|---|---|---|---|---|
| | | | OFFICER I.D. 020609 | NUMBER 9465-2020-00992 |

1 **SCENE CONTINUED**

2 No visual obstructions were noted or claimed. Refer to the Factual Diagram for further information

3 regarding the roadway configuration.

4

5 **PARTIES**

6 **Party 1 (P-1) (McDonald)** was located seated in the driver seat of Vehicle 1, being attended to by

7 AMR personnel, upon my arrival at the scene. He was identified by his valid California driver

8 license. He was determined to be the driver of Vehicle 1 (V-1) (Chevrolet, Trailblazer) at the time

9 of the collision by his statement, P-1 was seated in the driver seat of V-1 upon my arrival and the

10 injuries P-1 sustained as a result of being involved in this collision.

11

12 **Vehicle 1 (V-1) (Chevrolet, Trailblazer)** was located on its wheels, facing in an easterly direction,

13 blocking the number three lane of eastbound State Route 219 (Kiernan Avenue), west of Carver

14 Road. Refer to the Factual Diagram Legend for the point-of-rest measurements. V-1 sustained

15 moderate damage including, but not limited to, dented front bumper, dented and cracked grille and

16 radiator, both headlights cracked, a crumpled and raised hood, both front fenders crumpled and

17 dented, and a cracked windshield.

18 There were no mechanical defects or prior damage observed or alleged.

19

20 The safety restraint system was visually inspected, and no damage or defects were observed.

21

22 **Party 2 (P-2) (Vanderveen)** was located standing by the driver side door of Vehicle 2 upon my

23 arrival at the scene. He was identified by his valid California driver license. He was determined to

24 be the driver of Vehicle 2 (V-2) (Chevrolet, Silverado) at the time of the collision by his statement,

25 and he is the registered owner of Vehicle 2.

26

27

28

29

| PREPARED BY JERRY GAMMON | I.D. NUMBER 020609 | DATE 05/06/2020 | REVIEWER'S NAME MING-YANG HSU 018381 | DATE 05/08/2020 |
|---|---|---|---|---|

| STATE OF CALIFORNIA | | | | PAGE 10 OF 13 |
| NARRATIVE/SUPPLEMENTAL | | | | |
| DATE OF INCIDENT | TIME | NCIC NUMBER | OFFICER I.D. | NUMBER |
| 05/06/2020 | 1500 | 9465 | 020609 | 9465-2020-00992 |

1 **PARTIES CONTINUED**

2 **Vehicle 2 (V-2) (Chevrolet, Silverado)** was located on its wheels facing an easterly direction,

3 blocking the eastbound lanes of the intersection of State Route 219 (Kiernan Avenue) and Carver

4 Road.  Refer to the Factual Diagram for the point-of-rest measurements.  V-2 sustained moderate

5 damage including, but not limited to, a dented rear bumper, a dented and crumpled tailgate, both

6 rear taillights cracked, both rear quarter panels crumpled and dented, and a crumpled truck bed.

7

8 **PHYSICAL EVIDENCE**

9

10 **Plastic Debris**

11 An area of plastic debris was located within the roadway of eastbound State Route 219 (Kiernan

12 Avenue) west of Carver Road.  The plastic debris was located and labeled on the Factual Diagram

13 as Item #1.

14

15 A second area of plastic debris was located within the intersection of eastbound State Route 219

16 (Kiernan Avenue) and Carver Road. The second area of plastic debris was located and labeled on

17 the Factual Diagram as Item #2.

18

19

20

21

22

23

24

25

26

27

28

| PREPARED BY | I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
| JERRY GAMMON | 020609 | 05/06/2020 | MING-YANG HSU 018381 | 05/08/2020 |

STATE OF CALIFORNIA
NARRATIVE/SUPPLEMENTAL

| DATE OF INCIDENT | TIME | NCIC NUMBER | OFFICER I.D. | PAGE 11 OF 13 |
|---|---|---|---|---|
| 05/06/2020 | 1500 | 9465 | 020609 | NUMBER |
| | | | | 9465-2020-00992 |

## 1 **STATEMENTS**

2 **Party 1 (P-1) (McDonald)** was interviewed at the collision scene. P-1's following statement was
3 not recorded. P-1 related, in essence, the following: He was driving V-1 east on State Route 219
4 (Kiernan Avenue), west of Carver Road, at 55 miles per hour, in the number three lane. He had
5 been working long hours and was very tired. He thinks he fell asleep and was woken up by a hard
6 collision to the front of his vehicle. He also stated he was not wearing his seatbelt at the time of
7 the collision.
8

9 **Party 2 (P-2) (Vanderveen)** was interviewed at the collision scene. P-2's following statement was
10 not recorded. P-2 related, in essence, the following: He was driving V-2 east on State Route 219
11 (Kiernan Avenue), west of Carver Road, stopped in the number three lane for a red light. He was
12 stopped for approximately one minute. He looked in his rearview mirror and could see V-1
13 approaching his location, from the rear, at a high rate of speed. He did not think V-1 was going to
14 stop and braced for impact. He felt a hard hit from the rear of his vehicle. After the crash, his
15 vehicle was pushed forward and to the left, into the intersection where it had become disabled.
16

17 **Witness 1 (W-1) (Daniel Ornelas)** was interviewed at the collision scene by Officer C. Brown, ID
18 18274. W-1 related, in essence, the following: He was traveling eastbound on State Route 219
19 (Kiernan Avenue), west of Carver Road in the number three lane at approximately 55 miles per
20 hour. He was directly behind V-1. He could see the light was red for eastbound State Route 219
21 (Kiernan Avenue). He saw V-1 crash into the rear of V-2 and he never saw V-1's brake lights
22 come on. W-1 estimated V-1's speed to be 55-60 miles per hour.
23

24 **Witness 2 (W-2) (Marcos Perez)** was interviewed at the collision scene by Officer C. Brown, ID
25 18274. W-1 related, in essence, the following: He was traveling eastbound on State Route 219
26 (Kiernan Avenue), west of Carver Road, in the number two lane stopped for a red light, directly to
27 the left of V-2. He was stopped at the right light for approximately 45 seconds. He looked to his
28 right at V-2 and suddenly saw V-2 was hit from behind by V-1.

| PREPARED BY | I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| JERRY GAMMON | 020609 | 05/06/2020 | MING-YANG HSU 018381 | 05/08/2020 |

| DATE OF INCIDENT | TIME | NCIC NUMBER | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 05/06/2020 | 1500 | 9465 | 020609 | 9465-2020-00992 |

1 # OPINIONS AND CONCLUSIONS

2

3 **SUMMARY**

4 **Party 1 (P-1) (McDonald)** was driving V-1 (Chevrolet, Trailblazer) east on State Route 219
5 (Kiernan Avenue) west of Carver Road in the number three lane at 55 miles per hour.  P-1 was
6 not wearing his lap and shoulder safety restraint system.

7

8 **Party 2 (P-2) (Vanderveen)** was driving V-2 (Chevrolet, Silverado) east on State Route 219
9 (Kiernan Avenue), west of Carver Road, stopped for a red light in the number three lane, and
10 directly ahead of V-1.  P-2 was wearing his lap and shoulder safety restraint system.

11

12 P-1 was traveling at an unsafe speed for stopped traffic ahead and as a result the front of V-1
13 crashed into the rear of V-2.

14

15 After the collision, V-1 came to rest on its wheels, facing in an easterly direction, blocking the
16 number three lane of eastbound State Route 219 (Kiernan Avenue), west of Carver Road.

17

18 After the collision, V-2 was pushed forward to the left, and came to rest on its wheels, facing in an
19 easterly direction, blocking the eastbound lanes of the intersection of State Route 219 (Kiernan
20 Avenue) and Carver Road.

21

22 **AREA OF IMPACT (AOI)**

23 The AOI (V-1 vs. V-2) was located, 30 feet west of the west roadway edge of Carver Road and 18
24 north of the south roadway edge of State Route 219 (Kiernan Avenue).

25

26

27

28

| PREPARED BY | I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| JERRY GAMMON | 020609 | 05/06/2020 | MING-YANG HSU 018381 | 05/08/2020 |

STATE OF CALIFORNIA
NARRATIVE/SUPPLEMENTAL

| DATE OF INCIDENT | TIME | NCIC NUMBER | OFFICER I.D. | PAGE 13 OF 13 |
|---|---|---|---|---|
| 05/06/2020 | 1500 | 9465 | 020609 | NUMBER 9465-2020-00992 |

1 CAUSE

2 Party 1 (P-1) (McDonald) caused this collision by traveling at an unsafe speed for traffic, a

3 violation of CVC Section 22350.

4

5 The Summary, Area of Impact, and Cause are based on the statements of the involved parties

6 and witnesses, the damage to the vehicles and the physical evidence.

7

8 # RECOMMENDATIONS

9

10 None.

| PREPARED BY | I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| JERRY GAMMON | 020609 | 05/06/2020 | MING-YANG HSU 018381 | 05/08/2020 |